**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL AMITIA and CATHERINE AMITIA,** | : | **No. 3:08cv335** |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | : | |
| **Defendant** | : | |

## MEMORANDUM

_____Before the court for disposition is the defendant's motion to dismiss plaintiffs' first amended complaint.  The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiffs Michael and Catherine Amitia, husband and wife, reside in Pittston, Pennsylvania.  (Doc. 3, Amended Complaint, ¶ ¶ 1-2).  Defendant Nationwide Mutual Insurance Company (hereinafter "Nationwide" or "defendant") is in the automobile insurance business (Id. at ¶ 4). Nationwide issued a policy of automobile insurance to the plaintiffs.[1]  (Id. at 13). The policy provided stacked underinsured motorist (hereinafter "UIM") coverage of $300,000 per person/$300,00 per occurrence.  It also provided income loss benefits of $25,000 with a monthly maximum of $1,500.  (Id. at ¶ 16).

On July 3, 2002, while the policy was in effect, Plaintiff Michael Amitia was involved in a motor vehicle collision in which he suffered serious, painful and disabling injuries.  (Id. at ¶ ¶ 12-13, 17).   These

---

[1]The insurance policy number is 58 37 D 110521.  (Doc. 3, Amended Complaint at ¶ 13).

injuries caused the plaintiff to be treated by many healthcare providers, and the need for such treatment will continue into the indefinite future.  (Id. at ¶ ¶ 19, 23).   He has also been prescribed various medications some of which are narcotics and adversely affect his ability to think and concentrate.  (Id. at ¶ 22).  Plaintiff has not been able to return to employment due to his injuries and was removed from his position as a Financial Services Representative at Metropolitan Life Insurance Company.  (Id. at ¶ 21).

Plaintiffs assert that defendant mishandled Michael Amitia's UIM claim.  They assert that defendant's offers to settle were not based on good faith and fair dealing as required by Pennsylvania law and that Nationwide delayed investigating the claim in violation of the Pennsylvania Unfair Insurance Practices Act.  (Id. at ¶ ¶ 59-60).  Plaintiffs' UIM claim proceeded through arbitration, and plaintiffs assert that defendant's bad faith behavior continued through the arbitration procedure.  (Id. at ¶ ¶ 62-80).  Accordingly, plaintiffs filed a complaint in the Luzerne County Court of Common Pleas against the defendant.  Defendant removed the case to this court on February 22, 2008 asserting this court's diversity jurisdiction. (Doc. 1).  Defendant then filed a motion to dismiss the complaint.  (Doc. 2). In response, the plaintiff filed an amended complaint on March 3, 2008 asserting the following four counts:  Count I, Bad Faith, 42 PENN. CONS. STAT. ANN. § 8371; Count II, breach of contract; Count III, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 75 PENN. STAT. § 201-1 *et seq.*; and Count IV, negligence.  (Doc. 3).   The defendant then filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which brings the

2

case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiffs are citizens of Pennsylvania, and the defendant is an Ohio corporation with a principal place of business in Columbus, Ohio. (Doc. 3, Amended Complaint ¶ ¶ 1-2; Doc. 1, Notice of Removal ¶ 4).  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendant's motion raises six issues, and we will address each in turn.[2]

_____

[2]Initially, the plaintiffs raise two general issues.  They first argue that we should review the motion as a Rule 12(b)(6) motion and not as a summary judgment motion.  We have reviewed the matter as a motion to dismiss pursuant to Rule 12(b)(6).  Thus, plaintiffs' argument is moot.  They next argue that we should not examine matters outside of the

## I. The negligence cause of action

The first issue raised by the defendant is whether the negligence count should be dismissed under the "gist of the action" doctrine. In response to defendant's motion, plaintiffs have withdrawn the negligence count from the complaint. (Doc. 10, Plaintiffs' Opposition Brief at 1 "It should be noted that Plaintiffs have withdrawn Count IV, Negligence, from the First Amended Complaint."). Thus, this portion of defendant's motion will be denied as moot.

## II. Unfair Trade Practices and Consumer Protection Law

Next, defendant attacks Count III of the Amended Complaint that avers a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, (hereinafter "UTPCPL"), 75 PENN. STAT. § 201-1 *et seq*. Defendant's position is that an insurer can be held liable under the UTPCPL only if it engages in malfeasance or makes fraudulent misrepresentations in connection with the sale of an insurance policy. Defendant asserts that the complaint does not assert fraudulent misrepresentations, therefore, the court must determine if the complaint properly alleges malfeasance. It is Nationwide's position that the complaint does not allege malfeasance.

The law provides that

> [T]he UTPCPL is designed to protect the public from fraud and deceptive business practices. The statute provides a private right of action for "any person who purchases goods, or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" 73 P.S. § 201-9.2(a). . . .[I]n Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a

complaint and its exhibits. We have not done so.

> cause of action under the UTPCPL, and an
> insurer's mere refusal to pay a claim which
> constitutes nonfeasance, the failure to perform a
> contractual duty, is not actionable.

Gardner v. State Farm Fire and Casualty Co., 544 F.3d 553, 564 (3d Cir. 2008) (internal citations and quotation marks omitted).

In the instant case, plaintiffs allege more than a mere breach of a contractual duty.  For instance, they aver that defendant failed to evaluate plaintiffs' claim promptly, objectively and fairly.  (Doc. 3, Amended Complaint ¶ 100(c).  Further, they assert that defendants conducted an unfair, unreasonable and dilatory investigation of plaintiffs' claims.  (Id. at ¶ 100(i)).  Plaintiffs have thus alleged more than a mere refusal to pay, but rather, they have alleged an improper performance of a contractual obligation, that is the obligation to perform a good faith investigation. Accordingly, it would be improper to grant the motion to dismiss on this ground.  See Novick v. Unumprovident Corp., No. CIV.A. 01-CV-258, 2001 WL 793277 (E.D.Pa. July 10, 2001) (holding that allegations of an "extreme and outrageous" investigation is sufficient to state a claim under UTPCPL).

## III.  Breach of contract

Defendant next attacks plaintiffs' breach of contract claim. Nationwide argues that once the benefits under an insurance contract have been paid in full, a party to that contract cannot sue for breach of that contract.   Plaintiffs' response is that their breach of contract claim is proper even if the insurer has paid the claim.

Under Pennsylvania law, to establish a breach of contract a party must demonstrate  (1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract, and (3) damages. See

Ware v. Rodate Press, Inc., 322 F.3d 218, 225 (3d Cir.2003).   If an insurance company has paid the proceeds, then there can be no breach of contract claim.  Oehlmann v. Metropolitan Life Ins. Co., No. CIV.A. 3:06-CV-01075, 2007 WL 4563522 (M.D.Pa. Dec. 21, 2007).  This rule exists presumably because there are no damages if the full benefits have been paid under the contract - - plaintiffs have received everything they were due under the contract.  Thus, if plaintiffs sought only the insurance policy proceeds we would likely dismiss the breach of contract cause of action.

Plaintiffs, however, seek damages different from the UIM benefits. They seek compensation for the emotional distress that the non-payment or delayed payment caused.   (Doc. 3, Amended Complaint ¶ ¶ 91 - 92). Normally, a plaintiff cannot recover for emotional distress for a breach of contract.  However, "[e]motional distress damages may be recoverable on a contract where . . . the breach is of such a kind that serious emotional disturbance was a particularly likely result."  D'Ambrosio v. Pennsylvania Nat'l Mut. Cas. Ins. Co., 431 A.2d 966, 970 n.5 (Pa. 1981)(internal quotation marks omitted).  In the instant case, the plaintiffs allege that they have suffered from severe emotional distress and that "with Defendant's knowledge concerning Plaintiff's medical and financial history, Nationwide could reasonably foresee that Plaintiffs would suffer great fear, anxiety, and emotional distress as a result of Defendant's misconduct[.]" (Doc. 3, Amended Complaint, ¶ 93).  Accordingly, we find that it would be inappropriate at this time to dismiss the breach of contract cause of action as it seeks recovery for emotional distress, which may be recoverable.

## IV. Paragraph 85/immaterial and impertinent analysis

Paragraph 85 of plaintiffs' amended complaint reads as follows: "As a

consequence of Nationwide's bad faith misconduct, Plaintiffs suffered emotional distress, anxiety, depression, and psychological harm which was caused or aggravated by Nationwide's misconduct." (Doc. 3, Amended Complaint, ¶ 85).   This paragraph of the complaint is part of the plaintiffs' bad faith claim.  Defendant seeks to strike this allegation as damages for emotional distress are not recoverable under Pennsylvania's bad faith statute.   We agree.

Pennsylvania  law provides for no separate compensatory damages award under the bad faith statute for emotional harm.  These types of damages are instead covered by the punitive damages. Hollock v. Erie Ins. Exchange, 842 A.2d 409, 421-22 (Pa. Sup. Ct. 2004) (noting that under Pennsylvania law, a compensatory award under the bad faith statute does not include recovery for emotional distress); Krisa v. The Equitable Life Assurance Society, 109 F. Supp.2d 316, 323 (M.D. Pa. 2000) (holding that emotional distress claims are not cognizable under breach of contract and bad faith claims).[3]   We will thus grant defendant's motion on this point.

**V.  Prayer for relief**

Next, defendant seeks to strike a portion of the plaintiffs' prayer for relief.  Paragraph 86 of the complaint, regarding damages for bad faith, asserts that the plaintiffs are entitled to "(d) Such other compensatory and/or consequential damages allowed by law." (Doc. 3, Amended Complaint ¶ 86(d)).   Defendant argues that this paragraph should be stricken because the bad faith statute does not provide for such "other compensatory and/or consequential damages."

---

[3]Our ruling has little practical effect because, as explained *supra*, these damages may be awarded under plaintiff's breach of contract claim.

7

Defendant is correct that the Pennsylvania bad faith statute contains specific language with regard to allowable damages and compensatory and/or consequential damages are not listed.  See 42 PENN. CONS. STAT. ANN. § 8371.  Relying on  Birth Center v. St. Paul Companies, Inc., 787 A.2d 376, 379 (Pa. 2001), plaintiffs assert that it is proper to seek compensatory damages in a bad faith action.  We disagree.  Birth Center does allow for compensatory damages, but not as a remedy under the bad faith statute. The court reasoned that if an insurer commits bad faith, then that is a breach of the duty of good faith found in contracts.  Thus, the bad faith is also a breach of contract.  Id. at 401.   Under a breach of contract, compensatory damages may be awarded.  Id.  "Therefore, where an insurer acts in bad faith, the insured is entitled to recover such damages sufficient to return it to the position it would have been in but for the breach."  Id. at 400.  Although it is a fine distinction and ultimately one that does not matter, compensatory damages are not recoverable under the bad faith statute *per se*.  They are available to anyone who establishes bad faith, because such bad faith is also a breach of the underlying contract for which the compensatory damages are proper.[4]   Thus, although it will have

---

[4]Plaintiffs also cite Corch Construction Co. v. Assurance Co. of America, 64 Pa. D. & C. 4th 496 (Luzerne County 2003) in support of their position.  The reasoning of Corch, however, is in line with our analysis and the court awarded compensatory damages for the bad faith breach of the contract in that case.  Id. at 519.  Additionally, plaintiff cites Kakule v. Progressive Casualty Ins. Co., No. Civ.A.06-4995, 2007 WL 1810667 (E.D. Pa. June 20, 2007).  Again, however, this opinion does not support plaintiffs' position.  Kakule explains that "in Pennsylvania insureds are now permitted to raise common law contract actions for the bad faith conduct of insurers."  Id. at *5.  A final case cited by the plaintiffs, Miller Pools v. Nationwide Mut. Ins. Co., No. Civ.A. 2005-366J, 2006 WL 2850443

absolutely no practical effect on the damages awarded -or not awarded- to the plaintiffs we will grant the motion to dismiss with regard to paragraph 86(d) of the amended complaint seeking compensatory and/or consequential damages under the bad faith statute.

## VI.  Bad faith

Count I of plaintiffs' complaint asserts a bad faith cause of action against the defendant.  Defendant moves to dismiss this cause of action. Nationwide argues that the bad faith claim centers on a theory that it made settlement offers that were too low and delayed payment of plaintiff's claim for UIM benefits.  We are unconvinced by defendant's argument.

The term "bad faith" is not defined in the bad faith statute.  Case law establishes, however, that "[t]o prove bad faith, a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." Greene v. United Services Auto Ass'n, 936 A.2d 1178, 1188 (Pa. Super. Ct. 2007).  The Greene court further explored the case law and indicated that bad faith can be found where the insurer fails to conduct a good faith investigation into the claim.  Id.  Finally, the court noted that bad faith claims are very fact specific and dependent upon the actions of the insurer toward the insured in each particular case.   Id. at 1188-89.

_____

(W.D.Pa. September 29, 2006) also fails to support their position.  In Miller, the defendant moved to dismiss language from a complaint that is similar to the language that defendant seeks to strike in the instant case.  The court noted that compensatory and consequential damages were properly sought because the complaint did not raise only a statutory bad faith claim, but also a breach of contract/breach of covenant of good faith and fair dealing claim.   Id. at *9.

In the instant case, plaintiffs list more than thirty (30)  actions by the defendant that they aver constitute bad faith.  Plaintiffs include allegations of a failure on the defendant's part to conduct a timely and thorough investigation, failure to timely pay the claim and failure to evaluate their claim promptly, objectively and fairly.  If such allegations are taken as true, as they must be for purposes of this motion, then defendant acted in bad faith toward the plaintiffs.   See Greene, supra.  Dismissing the bad faith claim at this point, therefore, is inappropriate.

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss plaintiffs' first amended complaint will be granted in part and denied in part. It will be granted with regard to plaintiffs' claim for compensatory damages and emotional distress under the statutory bad faith claim. The motion is denied in all other respects.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL AMITIA and            :      No. 3:08cv335
CATHERINE AMITIA,          :
          **Plaintiffs**     :      **(Judge Munley)**
                      :
         **v.**              :
                      :
NATIONWIDE MUTUAL       :
INSURANCE COMPANY,      :
          **Defendant**    :

## ORDER

_____**AND NOW**, to wit, this 15th day of January 2009, the defendant's motion to dismiss (Doc. 6) is hereby **GRANTED** in part and **DENIED** in part. It is granted with respect to the claims for compensatory/consequential and/or emotional distress damages under the statutory bad faith cause of action. It is denied in all other respects.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**